UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles Dewey Wiggs Jr., #324639, | ) | C/A No. 9:10-863-MBS-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Jon E. Ozmint, SCDC Director; | ) | |
| Gregory T. Knowlin, Warden of TCI; | ) | |
| Richard Rohl, Food Supervisor II; | ) | |
| Richard Cothran, Warden Security Operations; | ) | |
| Linda Bradshaw, YOIP Program Services; | ) | |
| Kenneth Sharp, Major, | ) | |
| | ) | |
| Defendants. | ) | |

## Background

At the time this § 1983 civil action was filed on April 8, 2010, the plaintiff Charles Dewey Wiggs Jr. ("Plaintiff") was a state prisoner incarcerated at the Turbeville Correctional Institution. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned was referred the pretrial proceedings in this action. Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Thus, this court conducted an initial review of the case.

In this action, the complaint appears to name SCDC employees as defendants. From the initial review, on April 28, 2010, this court granted Plaintiff's motion to proceed *in forma pauperis*. *See* Docket Entry # 9. This court also authorized service of process of the complaint upon

1

the defendants. *Id.* On May 5, 2010, Plaintiff's mail, which included a copy of the court's April 28, 2010, Order, was returned to the Clerk of Court as undeliverable. *See* Docket Entry # 13. The face of the envelope addressed to Plaintiff at Turbeville Correctional Institution stated "PAROLE 4-15-10." *Id.* Therefore, upon learning that Plaintiff has now been released from prison on parole, this court reconsidered its decision to authorize service of process upon the defendants. This court entered an order to direct the United States Marshal not to serve the pleadings upon the defendants and to return the service documents to the Clerk of Court. *See* Docket Entry # 15. Because Plaintiff is no longer in prison, this court should dismiss this action without prejudice as moot.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Hence, under § 1915(e)(2)(B), a claim based



2

on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Further, even though this court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

Plaintiff filed this action based upon an alleged violation of his Eighth Amendment constitutional right. Plaintiff alleged that the defendants created a policy where at Turbeville Correctional Institution inmates would be served only two hot meals per day on the weekends. Plaintiff alleges that the defendants stated that a bag lunch would also be served but that no bag lunch was served, that he received insufficient nutrition on the weekends because the food portions were not larger, and that he was hungry because he had to wait nineteen hours between meals. Plaintiff alleged that he was losing weight and was not being appropriately nourished, and sought



3

injunctive relief to prevent the defendants from serving only two hot meals per day on the weekends at Turbeville Correctional Institution. He requested that the defendants be required to serve either three hot meals per day or two hot meals with a bag lunch. Plaintiff also alleged that many inmates are only seventeen years old and that they are losing weight and not receiving adequate nourishment due to the defendants' new weekend feeding plan.

Article III of the United States Constitution requires that this court's judicial power extends to a "live" case or controversy. *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007). A case becomes moot once the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Id.* "Mootness questions often arise in cases involving inmate challenges to prison policies or conditions, and courts, including our own, have held that the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief, even if a claim for money damages survives." *Id.* at 286-87. Here, since Plaintiff was released on parole on April 15, 2010, he no longer has a legally cognizable interest in the outcome of this case, as he will no longer be receiving the weekend meals at Turbeville Correctional Institution. Accordingly, this action is now moot.

Additionally, to the extent Plaintiff purports to represent other Turbeville inmates' interests in receiving sufficient nutrition on the weekends, it is well settled that a *pro se* prisoner plaintiff may not represent another prisoner's legal interests. Therefore, Plaintiff lacks standing to sue on behalf of other prisoners at the Turbeville Correctional Institution. *See Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a *pro se* prisoner unassisted by counsel cannot be an



4

advocate for others in a class action); *Inmates v. Owens*, 561 F.2d 560, 562-563 (4th Cir. 1977) (one *pro se* inmate does not have standing to sue on behalf of another inmate). *See also Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a *pro se* person's right to litigate for *oneself* does not create a similar right to litigate on behalf of others). Therefore, this action should also be dismissed due to Plaintiff's lack of standing to represent others.

### Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**The plaintiff's attention is directed to the important notice on the next page.**

_____
Bristow Marchant
United States Magistrate Judge

May 24, 2010
Charleston, South Carolina



5

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



6