IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Dewey Wiggs, Jr., #324639, ) | |
| ) | C/A No. 9:10-0863-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Jon E. Ozmint, SCDC Director; Gregory T. ) | |
| Knowlin, Warden of TCI; Richard Rohl, ) | |
| Food Supervisor II; Richard Cothran, ) | |
| Warden Security Operations; Linda ) | |
| Bradshaw, YOIP Program Services; ) | |
| Kenneth Sharp, Major, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of the underlying complaint, Plaintiff Charles Dewey Wiggs, Jr. was an inmate in custody of the South Carolina Department of Corrections who was housed at Turbeville Correctional Institution in Turbeville, South Carolina. Plaintiff, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights had been violated.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. April 28, 2010, the Magistrate Judge issued an order authorizing service of process and granting Plaintiff's application to proceed without prepayment of fees. On May 14, 2010, the Magistrate Judge issued an order reconsidering his prior order authorizing service and directing the United States Marshal not to serve the pleadings on Defendants. On May 24, 2010, the Magistrate Judge filed a Report and Recommendation in which he noted that the envelope containing his April 28, 2010 order had been returned to the Office of the Clerk of Court on May 5, 2010, marked "PAROLE 4-15-10." The Magistrate Judge therefore recommended that the action be dismissed without prejudice as moot. The envelope containing Plaintiff's copy of the Magistrate Judge's May 14, 2010 order was returned

to the Clerk's Office on May 25, 2010, marked "PAROLE 4-15-10." The envelope containing Plaintiff's copy of the Report and Recommendation was returned to the Clerk's Office on June 2, 2010, marked "UNKNOWN AT THIS ADDRESS - RETURN TO SENDER."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 18, 2010.